```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

ROBERT JOSEPH WARCHLOK,

        Plaintiff,

   -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

**DECISION and ORDER
No. 1:16-cv-00129(MAT)**

_____

## INTRODUCTION

Robert Joseph Warchlok ("Plaintiff"), represented by counsel, brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

## PROCEDURAL STATUS

On April 20, 2012, Plaintiff filed concurrent applications for DIB and SSI, alleging disability beginning December 1, 2003, later amended to June 10, 2010. These applications were denied on initial review and upon reconsideration. Plaintiff requested a hearing on August 2, 2012, and, on October 28, 2013, appeared with counsel before administrative law judge Stanley A. Moskal, Jr. ("the ALJ") in Buffalo, New York. Plaintiff testified at the hearing, as did

Linda N. At the hearing, Plaintiff he withdrew his DIB application and amended his SSI onset date to June 10, 2010. (T.29).[1]

The ALJ considered the applications de novo and issued an unfavorable decision on April 4, 2014. (T.13-22). Plaintiff appealed the decision to the Appeals Council, which granted review on December 18, 2015. The Appeals Council subsequently issued a new decision (T.4-7). The Appeals Council rejected the ALJ's step four finding, but accepted the ALJ's alternative step five finding that there was other work Plaintiff could perform. Accordingly, the Appeals Council found Plaintiff not disabled during the period from April 20, 2012, the date of his SSI application, through April 4, 2014,[2] the date of the ALJ's decision.[3] The Appeals Council's decision subsequently became the decision of the Commissioner, and Plaintiff timely commenced this action.

The parties have cross-moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court adopts and incorporates by reference herein the undisputed and comprehensive factual summaries contained in the parties'

---

[1] Citations in parentheses to "T." refer to pages from the certified transcript of the administrative record.

[2] Even though the Appeals Council issued its final decision on December 18, 2015, the relevant time period only runs through the date of the ALJ's decision. See 20 C.F.R. 416.1476(b).

[3] Since Plaintiff had withdrawn his DIB claim at the hearing, the Appeals Council dismissed the DIB claim. (T.5). In this appeal, Plaintiff does not contest that dismissal.

briefs. The record will be discussed in more detail below as necessary to the resolution of this appeal.

For the reasons that follow, the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings.

## THE ALJ'S DECISION AS MODIFIED BY THE APPEALS COUNCIL

As noted above, the Appeals Council granted review of the ALJ's decision and ultimately issued the final decision of the Commissioner, in which it adopted all of the ALJ's findings except for the ALJ's step four finding that Plaintiff had past relevant work as a waiter, and still could perform that work. (T.4-7). References to the Appeals Council's decision necessarily incorporate the ALJ's decision except for the step four finding.

At step one of the sequential evaluation, the Appeals Council found that Plaintiff had not engaged in substantial gainful activity since June 10, 2010, Plaintiff's amended disability onset date. At step two, the Appeals Council found that Plaintiff had the following "severe" impairment: status-post ankle fracture and fusion. At step three, the Appeals Council determined that Plaintiff's impairments, alone or in combination, did not meet or equal a listed impairment. Next, the Appeals Council assessed Plaintiff's subjective complaints and agreed with the ALJ that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b),

>   except [he] can lift and carry twenty pounds occasionally and ten pounds frequently with normal breaks. [He] can stand or walk up to six hours in an eight-hour workday, and he can sit up to six hours in an eight hour workday. [He] can push or pull ten pounds frequently and twenty pounds occasionally with the upper extremities, but cannot push or pull with the lower left extremity. [He] can perform postural movements occasionally, but he cannot climb ladders, ropes, or scaffolds. [He] ha[s] no manipulative, visual, or communicative limitations, but he should have no exposure to hazards, dangerous moving machinery and unprotected heights.

(T.18).

At step four, the ALJ had found Plaintiff was able to perform his past relevant work as a waiter. (T.21). The ALJ also continued to step five and, relying on the VE's testimony, found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. (T.21). Specifically, the ALJ found Plaintiff was able to perform the job requirements of an information clerk, DOT 237-367.018. (T.21-22).

The Appeals Council determined that Plaintiff's past work as a waiter was performed outside the 15-year regulatory periods in 20 C.F.R. §§ 404.1565 and 416.965, and therefore, contrary to the ALJ's finding, could not constitute "past relevant work." (T.5). The Appeals Council concluded that Plaintiff had no past relevant work. It subsequently adopted the ALJ's alternative step five finding that Plaintiff could perform the job of an information clerk. (T.6-7). Accordingly, a finding of not disabled was entered.

**SCOPE OF REVIEW**

A decision that a claimant is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. 42 U.S.C. § 405(g). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the district court] will not substitute [its] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002). This deferential standard is not applied to the Commissioner's application of the law, and the district court must independently determine whether the Commissioner's decision applied the correct legal standards in determining that the claimant was not disabled. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984). Failure to apply the correct legal standards is grounds for reversal. Id. Therefore, this Court first reviews whether the applicable legal standards were correctly applied, and, if so, then considers the substantiality of the evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). The Commissioner's determination will not be upheld if it is based on an erroneous view of the law that fails to consider highly probative evidence. Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999). In such cases, the reviewing court has the authority to reverse with or without remand. See 42 U.S.C. § 405(g).

## DISCUSSION

**I. RFC Unsupported by Substantial Evidence Due to Lack of Any Medical Expert Opinion in the Record**

Plaintiff's main contention on appeal is that the Appeals Council's decision is not supported by substantial evidence because the record contains no medical opinion evidence whatsoever regarding Plaintiff's functional limitations. As Plaintiff notes, the administrative record is devoid of any medical opinion whatsoever. Moreover, the record contains a fair amount of evidence of impairment, and no function-by-function assessment was conducted by source. The ALJ's RFC determination, which was adopted without discussion or analysis by the Appeals Council, therefore was based solely on the ALJ's lay opinion.

Defendant counters by arguing the ALJ was permitted to make the RFC determination without a medical opinion because he "has the sole responsibility to determine a claimant's RFC." (Dkt #10-1, p. 18-21) (citing Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 32-33, 2013 WL 1296489, at *3–4 (2d Cir. Apr. 2, 2013) (unpublished opn.); Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013) (unpublished opn.). Defendant is unsuccessfully attempting to stretch Tankisi and Matta beyond the limits of their fact-bound holdings.

In Tankisi, the Second Circuit rejected a claimant's contention that an ALJ's failure to request an RFC assessment from a treating physician automatically always requires a remand.

See Tankisi, 521 F. App'x at 34 ("The medical record in this case is quite extensive. Indeed, although it does not contain formal opinions on Tankisi's RFC from her treating physicians, it does include an assessment of Tankisi's limitations from a treating physician, Dr. Gerwig. Given the specific facts of this case, including a voluminous medical record assembled by the claimant's counsel that was adequate to permit an informed finding by the ALJ, we hold that it would be inappropriate to remand solely on the ground that the ALJ failed to request medical opinions in assessing residual functional capacity.") (citations omitted). Tankisi is easily distinguishable because, in that case, there was at least one expert medical opinion in the record, namely, an assessment of the claimant's limitations from a treating physician. Id.

Matta is also readily distinguishable from the present case. There, the record contained expert opinions of *four* medical sources, which the ALJ had "expressly referenced" in the decision. Matta, 508 F. App'x at 56-57. Here, as noted above, and in contrast to Tankisi and Matta, the record does not contain *any* medical expert opinions from a treating source or a consultative examiner.

The Commissioner's attempt, in the context of this appeal, to rely on various medical records as support for the ALJ's finding is unavailing, because the ALJ never cited these records himself. The Court rejects the Commissioner's post hoc rationalizations. See Michigan v. E.P.A., 135 S. Ct. 2699, 2710 (2015) ("This line of

reasoning contradicts the foundational principle of administrative law that a court may uphold agency action only on the grounds that the agency invoked when it took the action.") (citation omitted)); Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) (a reviewing court "may not accept appellate counsel's post hoc rationalizations for agency action").

The ALJ impermissibly relied solely on his lay interpretation of bare medical findings to make his RFC determination. Walker v. Astrue, 2010 WL 2629832, at *6 (W.D.N.Y.2010) (citing Deskin v. Commissioner of Social Security, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008) (holding an ALJ is not qualified to assess a claimant's RFC "on the basis of bare medical findings," and also holding where the medical findings in the record merely "diagnose" a claimant's impairments and do not relate those diagnoses to a specific RFC, an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence). "Given Plaintiff's multiple physical and mental impairments, this is not a case where the medical evidence shows 'relatively little physical impairment' such that the ALJ 'can render a common sense judgment about functional capacity.'" Palascak v. Colvin, No. 1:11-CV-0592 MAT, 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) (quoting Manso-Pizarro v. Secretary of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996)). Here, Plaintiff suffers from persistent left ankle pain, status post-ankle fracture, and has undergone five

ankle surgeries since the alleged onset date. He was diagnosed with rheumatoid arthritis in November 2010, by which time he had already undergone two ankle surgeries and had contracted osteomyelitis[4] in that ankle. On June 20, 2011, for instance, Plaintiff was ambulating on crutches because on he could not bear weight on his left foot. He had tenderness at his right knee and left knee, swelling of his ankle medially and laterally, and moderate pain on passive ankle range of motion. (T.727). Dr. Bermudez assessed him with persistent rheumatoid arthritis, closed ankle fracture not otherwise specified ("NOS", improved tobacco use disorder, and persistent anxiety disorder NOS. X-rays of Plaintiff's hands and feet on July 26, 2011 revealed at the right hand, a cystic density in the second and, to a lesser degree, third and fourth metacarpal heads as well as the first metacarpal and in the triquetral bone; some mild to moderate degenerative changes between the distal radius and carpal bones in in the left hand; diffuse osteopenia[5] and soft tissue swelling throughout the entire left foot; and erosive changes in the lateral malleolus medially with deformity to

---

[4] "Osteomyelitis is an infection in a bone. Infections can reach a bone by traveling through the bloodstream or spreading from nearby tissue. Infections can also begin in the bone itself if an injury exposes the bone to germs." http://www.mayoclinic.org/diseases-conditions/osteomyelitis/basics/definition/con-20025518 (last accessed Feb. 13, 2017).

[5] "Osteopenia develops when a person's bone density is below normal. This condition raises the risk of bone fractures. Osteoporosis occurs when the body's creation of new bone can no longer keep up with the breakdown of old bone. This leads to bones becoming weak, brittle and easily broken." http://newsnetwork.mayoclinic.org/discussion/tuesday-q-a-treatment-for-bone-disorders-focuses-on-strengthening-bones-slowing-bone-loss/ (last accessed Feb. 13, 2017).

the distal fibula, and osteopenia throughout the entire left ankle and apparent widening and irregularity of the ankle mortise with cystic changes in the distal tibia. (T.922-23). Clinically, Plaintiff's healthcare providers consistently noted swelling, decreased range of motion, and tenderness in multiple joints, and especially the left ankle. (T.675, 714, 717-718, 721, 724, 727, 730, 735, 743, 794, 933, 948, 973, 982, 986, 990). The record also contains evidence of significant non-exertional impairments (alcohol abuse, anxiety disorder, and depressive disorder), for which Plaintiff received outpatient, inpatient, and residential treatment. (T.41, 785, 789, 802, 842, 984).

## II. Other Errors

The Court notes that the ALJ made a number of other errors which Plaintiff has not raised, but which deserve mention here in order to avoid repetition of them on remand. Palascak v. Colvin, No. 1:11-CV-0592 MAT, 2014 WL 1920510, at *10 (W.D.N.Y. May 14, 2014).

First, the Court finds that the ALJ's step two analysis is inadequate insofar as it did not consider, at all, Plaintiff's separately diagnosed mental impairments, including alcohol abuse, anxiety disorder, and depressive disorder. The ALJ did not account for any of the limitations caused by impairments in the RFC assessment. Nor did the ALJ provide any explanation as to why Plaintiff's separately diagnosed rheumatoid arthritis and migraine

headaches are not severe. These omissions were not harmless, as the medical records indicate that his rheumatoid arthritis and migraines caused significant symptoms in multiple bodily systems apart from just Plaintiff's left ankle. Remand on this basis alone is required. See, e.g., Hernandez v. Astrue, 814 F. Supp. 2d 168, 185 (E.D.N.Y. 2011) ("Ample evidence in the administrative record here demonstrated that plaintiff had received multiple separate medical diagnoses. . . . The ALJ's failure to consider the effects of plaintiff's combined impairments in every step of the five-step sequential process thus requires remand.") (citing Burgin v. Astrue, 348 F. App'x 646, 648 (2d Cir. 2009) (unpublished opn.) ("We are unpersuaded by the Commissioner's argument that the ALJ's consideration of Burgin's bipolar disorder encompassed her depression-related symptoms, because the medical evidence in the administrative record shows that Burgin's major depression and bipolar disorder were considered professionally as separate diagnoses, and because the ALJ's decision includes no such finding."). The step two finding also contains inapplicable boilerplate to the extent it recites that the ALJ considered "opinion evidence," but there is no such evidence in the record.

Second, the ALJ erred by failing to make a function-by-function assessment of Plaintiff's ability to perform the physical and mental requirements of light-duty work. Palascak, 2014 WL 1920510, at *10. The Act's regulations require that an RFC

assessment contain a "function-by-function analysis of the claimant's functional limitations or restrictions and an assessment of the claimant's work-related abilities on a function-by-function basis." Zurenda v. Astrue, No. 11-CV-1114(MAD/VEB), 2013 WL 1183035, at *4 (N.D.N.Y. Mar. 1, 2013), rep. and rec. adopted, 2013 WL 1182998 (N.D.N.Y. Mar. 21, 2013). "In other words, the ALJ 'must make a function-by-function assessment of the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch.'" Palascak, 2014 WL 1920510, at *10 (citing 20 C.F.R. §§ 404.1513(c)(1), 404.1569a (a), 416.969a(a); other citations omitted); see also id. (finding error where "[t]he ALJ's RFC assessment simply recite[d] [the] [p]laintiff's testimony and summarizes the medical record without tying this evidence to the physical and mental functional demands of light work").

**III. Remedy**

Where "there are gaps in the administrative record or the ALJ has applied an improper legal standard, [the Second Circuit] [has], on numerous occasions, remanded to the [Commissioner] for further development of the evidence." Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). Here, the ALJ and the Appeals Council misapplied the relevant legal standards, and failed to properly develop the record by obtaining a function-by-function assessment from a medical expert, thereby making further administrative proceedings before the Commissioner necessary. Pratts v. Chater, 94 F.3d 34, 39

(2d Cir.1996) (quotation omitted). Although remand is not required "[w]here application of the correct legal standard could lead to only one conclusion," Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998) (citation omitted), the ALJ must further develop the record in the present case by requesting a medical source statement or RFC assessment from a medical source, be it a treating physician or consultative physician, and re-perform the sequential evaluation. See, e.g., Quinones v. Colvin, No. 6:13-CV-06603 MAT, 2014 WL 6885908, at *8 (W.D.N.Y. Dec. 8, 2014) (citing Azeez v. Astrue, No. 09-CV-3976(SLT), 2012 WL 959401, at *9 (E.D.N.Y. Mar.21, 2012) (declining to reverse for calculation of benefits because the ALJ first "must properly weigh the treating physicians' opinions before a clear conclusion can emerge"); other citation omitted).

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is denied, and Plaintiff's motion for judgment on the pleadings is granted to the extent that the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this Decision and Order. In particular, the ALJ is directed to properly develop the record by obtaining a function-by-function assessment from a medical expert and conducting a new five-step sequential evaluation of Plaintiff's SSI claim, which should include a function-by-function analysis of his

functional limitations or restrictions and an assessment of his work-related abilities on a function-by-function basis.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   February 14, 2017
         Rochester, New York